# IN THE COURT OF APPEALS OF IOWA

No. 16-0428
Filed November 23, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MICHAEL ROBERT HANDT,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Michael Handt appeals the sentences imposed following his guilty plea to two charges of public intoxication, third or subsequent offense, and one charge of first-degree harassment. **AFFIRMED.**

William T. Morrison, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Michael Handt pled guilty to two charges of public intoxication, third or subsequent offense, and one charge of first-degree harassment. At the time of sentencing, the prosecutor sought prison and jail time, and Handt's attorney asked to have Handt placed on probation. Defense counsel stated Handt would abide by several conditions of probation, including continuation "with ongoing substance abuse treatment." Counsel noted that Handt previously attended a dual diagnosis center "with what he viewed as great success for an extend[ed] period of time."

The district court agreed Handt needed treatment. The court stated he "had opportunities previously to correct [his] behavior" and concluded, "I don't really think there is anything in your record that indicates that the State needs to continue to offer you services that do not seem to impact your behavior." The court sentenced Handt to two concurrent prison terms not exceeding two years on the public intoxication charges, to be served consecutively with a thirty-day jail sentence on the harassment charge.

Handt appeals his sentences. He argues the district court considered an impermissible factor at sentencing. *See State v. Sailer*, 587 N.W.2d 756, 758-59 (Iowa 1998) ("A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." (citation omitted)). In Handt's view, "the record of the sentencing hearing offers no evidence regarding services previously offered [him] by the State," and "the

Court was basing sentencing on information and factors not properly before the Court."

We conclude the district court did not consider an impermissible sentencing factor. Handt's attorney specifically raised his client's past treatment and discussed the need for continued treatment. The court's reference to the provision of continued services was simply a response to counsel's comments.

We affirm Handt's sentences.

**AFFIRMED.**